**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HAROLD ANDERSON | Civil Case No. 11-3394 (FSH) |
| Plaintiff, | **OPINION & ORDER** |
| v. | June 20, 2013 |
| THERMO FISHER SCIENTIFIC, | |
| Defendant. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Plaintiff's motion for reconsideration of the Court's March 25, 2013 Opinion and Order, which granted a motion for summary judgment filed by Defendant; and

it appearing that a motion for reconsideration is governed by Local Civil Rule 7.1(i); and

it appearing that Local Civil Rule 7.1(i) provides for the reconsideration of an order if the motion is filed within 14 days after entry of the disputed order; and

it appearing that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence," *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also P. Shoenfeld Asset Mgmt. LLC v. Cendent Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001), *Yurecko v. Port Authority Trans-Hudson Corp.*, 2003 WL 22001196 at * 2 (D.N.J. Aug. 18, 2003); and

it appearing that Local Civil Rule 7.1(i) requires that the moving party set forth "concisely the matters or controlling decisions which the party believes the Judge . . . has overlooked;" and

it appearing that "[a] party seeking reconsideration must show more than a disagreement with the Court's decision," *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990); and

it appearing that "a mere 'recapitulation of the cases and arguments considered by the court before rendering its original decision'" does not warrant reargument, *Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 18 F. Supp. 2d 464, 466 (D.N.J. 1998) (quoting *Carteret Savings Bank F.A. v. Shushan*, 721 F. Supp. 705, 706 (D.N.J. 1989)); and

it appearing that a court may grant a properly filed motion for reconsideration for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or fact or prevent manifest injustice, *Max's Seafood Cafe, By Lou-Ann, Inc. v. Max Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Database Am., Inc. v. Bellsouth Advertising & Publ'g. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)); *see also Carmichael v. Everson*, 2004 U.S. Dist. Lexis 11742, *2-3 (D.N.J. May 21, 2004); *Milletta v. United States*, 2005 WL 1318867, *8 (D.N.J. May 27, 2005); and

it appearing that a motion for reconsideration is improper when it is used to "'ask the Court to rethink what [it] had already thought through -- rightly or wrongly,'" *Ciba-Geigy Corp. v. Alza Corp.*, 1993 WL 90412, *1 (D.N.J. March 25, 1993) (quoting *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990), *rev'd on other grounds*, 989 F.2d 635 (3d Cir. 1993); and

it appearing that because reconsideration of a judgment after its entry is an extraordinary remedy, motions to reconsider or reargue are granted "very sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); and

it appearing that disagreement with the Court's initial decision as the basis for bringing a motion "should be dealt with in the normal appellate process, not on a motion for reargument," *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); and

it appearing that (1) there has been no intervening change in controlling law; (2) Plaintiff has not presented new evidence that was not available for the Court to consider; and (3) there has been no clear error of law or fact or manifest injustice;[1]

---

[1] Plaintiff claims that the Court should reconsider its decision in dismissing his race discrimination claims to prevent injustice. He first argues that the Court erred in disregarding various alleged discriminatory incidents because Plaintiff cited to unsworn discovery responses as supporting evidence. Plaintiff contends that the issue of unsworn discovery responses was discussed and resolved during the Final Pretrial Conference before Judge Shwartz. However, the Final Pretrial Order stated that Plaintiff should provide a certification that the statements and responses made in the discovery responses were true and correct as required by Fed. R. Civ. P. 33(b)(3). Plaintiff now indicates that such certification was provided to Defendants, but did not include that certification or notify the Court of the certification during summary judgment briefing; instead Plaintiff's submissions only included the unsworn discovery responses. The Court could not have overlooked information that was not presented to it. *See Rastelli Bros. Inc. v. Netherlands Ins. Co.*, 68 F. Supp. 2d 448, 449-50 (D.N.J. 1999).
    Plaintiff also argues that the Court overlooked facts and arguments he offered to support his race discrimination claims, namely that according to Plaintiff, Defendant disparately treated Plaintiff in its handling of his suspension as compared to the suspension of Plaintiff's coworker Andrew Scalzo, Defendant suspended and ultimately fired Scalzo in order to undercut Plaintiff's discrimination claim, Defendant's actions were a pretext for race discrimination, and Plaintiff did not specifically discuss the Connecticut shooting incident in his initial comment to Scalzo. (Plaintiff later withdrew his additional contention that the Court also overlooked his argument that other African American employees had filed complaints for harassment, discrimination and retaliation against Defendant, see Docket # 129). Plaintiff raised all of these arguments in his summary judgment papers, thus these arguments are a recapitulation of the arguments considered by the court before rendering its original decision. *See Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 18 F. Supp. 2d 464, 466 (D.N.J. 1998). That an issue was not explicitly mentioned in this Court's decision does not mean it was overlooked. *Ashton v. AT&T Corp.*, 2006 U.S. Dist. LEXIS 4787, at *4-*5 (D.N.J. Feb. 2, 2006); *Byrne v. Calastro*, 2006 WL 2506722, at *2 (D.N.J. Aug. 28, 2006). An argument may be regarded as having been considered if it is presented to the court in written submissions. *Eichorn v. AT&T Corp.*, 1999 WL 33471890 (D.N.J. Aug. 23,

It is therefore on this 20th day of June 2013,

**ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

/s/ Faith S. Hochberg_____
Hon. Faith S. Hochberg, U.S.D.J.

---

1999). The Court considered these arguments and facts, in addition to the numerous other arguments Plaintiff raised in its submissions, and after careful analysis, explained in its decision that "Plaintiff has not established a *prima facie* case of race discrimination, as he fails to show that his termination occurred under circumstances giving rise to an inference of discrimination." (Opinion at 8.)

4